IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a<br>BRAZOS LICENSING AND<br>DEVELOPMENT,<br><br>        Plaintiff,<br><br>    v.<br><br>TP-LINK TECHNOLOGY CO., LTD,<br><br>        Defendant. | CASE NO. 6:20-cv-01015<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos"), by and through its attorneys, files this Complaint for Patent Infringement against defendant TP-LINK Technology Co., Ltd. ("Defendant" or "TP-Link") and hereby alleges as follows:

**I.      NATURE OF ACTION**

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 283, 284, and 285. This action is brought to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Brazos's patented invention.

2. Brazos is the owner of all rights, title, and interest in and to US Patent No. 8,094,573 (the "'573 Patent" or the "Patent") including all rights to recover for all past and future infringement thereof.

3. Upon information and belief, Defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of Brazos's Patent, by,

1

among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States and the State of Texas, products that are covered by one or more claims of Brazos's Patent and inducing such conduct by others.

4. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes Infringing Products (as defined herein) and services; and/or induces others to make and use its Infringing Products and services in an infringing manner; and/or contributes to the making and use of Infringing Products and services by others, including its customers, who directly infringe the Patent.

## II.   THE PARTIES

5. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

6. Upon information and belief, Defendant TP-LINK Technology Co., Ltd. is a corporation organized and existing under the laws of China, with a place of business located at South Building, No. 5 Keyuan Road, Science and Technology Park, Nanshan District, Shenzhen, Peoples Republic of China.

7. TP-LINK Technology Co., Ltd. may be served with process by serving the Texas Secretary of State, James E. Rudder Building, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. This action arises out of that business.

8. Defendant manufactures and distributes electronics. Defendant, either itself and/or through the activities of its subsidiaries or agents, makes, uses, sells, offers for sale, and/or imports

throughout the United States, including within this District, computer networking products that infringe the Asserted Patent, defined below.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Alternatively, this Court has jurisdiction over Defendant under Fed. R. Civ P. 4(k)(2) ("Federal Claim Outside State-Court Jurisdiction").

10. This Court has specific and general personal jurisdiction over TP-Link pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, because (1) TP-Link has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District; (2) TP-Link has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein.

11. The Court's exercise of jurisdiction over TP-Link would not offend traditional notions of fair play and substantial justice because TP-Link has established minimum contacts with the forum. For example, on information and belief, TP-Link has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein. TP-Link has purposefully and voluntarily placed infringing products into the stream of commerce by shipping infringing products through established distribution channels into the State of Texas, knowing or expecting that the Infringing Products would be shipped into Texas.

12. Upon information and belief, TP-Link has continuous and systematic business contacts with the State of Texas. TP-Link, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout the State of Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District. TP-Link interacts with subsidiaries, distributors, resellers and/or customers who sell the infringing products into Texas, knowing or expecting that these subsidiaries, distributors, resellers and/or customers will then sell the Infringing Products into the State of Texas, either directly or through intermediaries.

13. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 139l(c)(3) which provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). TP-Link has transacted business in this Judicial District and has committed acts of direct and indirect infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the Patent.

15. Upon information and belief, TP-Link designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. TP-Link markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 8,094,573**

16. Brazos re-alleges and incorporates by reference the preceding paragraphs 1-15 of this Complaint.

17. On January 10, 2012, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 8,094,573, entitled "Method of Managing Transmission Within a Wireless Communications Network."

18. Brazos is the owner of all rights, title, and interest in and to the '573 Patent, including the right to assert all causes of action arising under the '573 Patent and the right to any remedies for the infringement of the '573 Patent.

19. For example, claim 33 of the '573 Patent states:

A method of managing transmission in a wireless network at a ready node, comprising:

sending a request for permission to transmit from a ready node, the ready node being a node prepared to transmit, and the request (i) identifying at least one destination node, and (ii) being sent over a control channel;

awaiting reception of a block message or a clear message after the sending;

performing an announce operation, based on the reception, by announcing a transmission state of the ready node, the transmission state being one of (i) a blocked from transmitting state and (ii) a cleared to transmit state, such that the blocked from transmitting state is a state in which at least one uncleared block message has been received by the ready node, and the cleared to transmit state is a state in which no uncleared block messages have been received by the ready node;

repeating the performing step for a number of iterations; and

sending transmissions over a payload channel in the clear to transmit state.

20. TP-Link's Accused Products meet every limitation of claim 33 of the '573 Patent, as well as other claims of the '573 Patent.

21. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, networking products such as High-Speed Cable

Modems, wireless and/or mesh routers, switches, ADSL, range extenders, and other devices like IP cameras, powerline adapters, print servers, media converters, wireless adapters, power banks, mobile phones, and SMART home technology devices.

22. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, products that are capable of sending a request for permission to transmit by each ready node in the wireless network, including but not limited to the TP-Link Archer AX6000 and products that operate in a substantially similar manner (collectively, the "Accused Products").

23. The Accused Products are capable of practicing a method of managing transmission in a wireless network at a ready node. The Accused Products use the RTS/CTS (Request to Send/Clear to Send) mechanism to reduce frame collision introduced by a hidden node. The TP-Link device/transmitting node that is ready to transmit data is known as a ready node. The TP-Link device checks for a medium to be idle. The transmitting node sends a Request to Send (RTS) packet to the receiving node in order to initiate a communication process (i.e., transmission in a wireless network).[1]

24. The Accused Products are capable of sending a request for permission to transmit from a ready node, the ready node being a node prepared to transmit, and the request (i) identifying at least one destination node, and (ii) being sent over a control channel. The RTS (i.e., Request to Send) frame consists of the RA (i.e., receiver address) which is the identifying address of the destination node. The Multi-User (MU-RTS) frame is transmitted using Orthogonal Frequency Division Multiplexing (OFDM) across the entire 20 MHz channel so that legacy clients can also

---

[1] https://www.tp-link.com/us/home-networking/wifi-router/archer-ax6000/#overview at 1-2.

understand the MU-RTS frame. This process involves a control message being sent over a control channel to permit everyone in the network to be able to understand the RTS packets.

25. The Accused Products are capable of awaiting reception of a block message or a clear message after the sending of a request.

26. The Accused Products are capable of performing an announce operation, based on the reception, by announcing a transmission state of the ready node, the transmission state being one of (i) a blocked from transmitting state and (ii) a cleared to transmit state, such that the blocked from transmitting state is a state in which at least one uncleared block message has been received by the ready node, and the cleared to transmit state is a state in which no uncleared block messages have been received by the ready node. The Accused Products are capable of implementing the IEEE 802.11ax standard and provide the capability of high efficiency (HE) access points (APs). The 802.11 standard employs a Network Allocation Vector (NAV) – a timer mechanism that maintains a prediction of future traffic – for the node (STAs) to indicate the time required for the frames immediately following the current frame. The NAV acts as a virtual carrier sense that ensures medium reservation for frames critical to the operation of the 802.11 standards, such as control frames, data, and ACKs following an RTS/CTS exchange. When the transmitting node's request to send (RTS) has been successfully received at the receiver end and no collision has been encountered, then one of the senders receives permission from the CTS (Clear to Send) frame to occupy the transmission medium. As this happens, all other nodes are informed that the network is currently in use which constitutes a block message for all other participants. This causes them to raise their network allocation vector (NAV) again and wait to try again, to see if the channel is free. The AP reveals how long the network will be occupied by the transmission. The Accused

Products are capable of maintaining two NAVs and based on the NAV values deciding whether to transmit the packets or not.[2]

27. The Accused Products are capable of repeating the performing step for a number of iterations. The devices in the network are inactive while the network allocation vector has not yet expired. Only when the counter is set to 0 does the subscriber become active again and check the network.[3]

28. The Accused Products are capable of sending transmissions over a payload channel in the clear to transmit state. Trigger frames can be used for multi-user DL-OFDMA communications between an 802.11ax AP and 802.11ax clients. The legacy clients (other nodes in the network) must remain idle while the multi-user OFDMA data frames are transmitted between the 802.11ax AP and 802.11ax clients.

29. TP-Link has received notice and actual or constructive knowledge of its infringement of the '573 Patent no later than the date of service of this Complaint.

30. Since at least the date of service of this Complaint, through its actions, TP-Link has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '573 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such

---

[2] https://www.tp-link.com/us/home-networking/wifi-router/archer-ax6000/#specifications at 1;
  https://ieeexplore.ieee.org/stamp/stamp.jsp?arnumber=8468986 at 13.
[3] https://www.tp-link.com/us/home-networking/wifi-router/archer-ax6000/#specifications at 1.

advertising, promoting, and/or instructing include web advertising,[4] user guides/specifications,[5] and support forum postings.

31. TP-Link was and is aware that the normal and customary use by end users of the Accused Products infringes the '573 Patent. TP-Link's inducement is ongoing.

32. Brazos has suffered damages as a result of TP-Link's direct and indirect infringement of the '573 Patent and is entitled to an amount adequate to compensate for TP-Link's infringement, but in no event less than a reasonable royalty for the use made of the invention by TP-Link, together with interest and costs as fixed by the Court.

33. Defendant continued to make, use, sell and/or import Infringing Products, to induce others to engage in such conduct, and/or to contribute to others engaging in such conduct despite knowing that its actions constituted infringement of a valid patent.

34. Accordingly, Defendant acted egregiously and/or knowingly or intentionally when it infringed the '573 Patent.

## IV. JURY DEMAND

35. Plaintiff Brazos hereby demands a jury on all issues so triable.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brazos respectfully requests that the Court:

(a) enter judgment that TP-Link infringes one or more claims of the '573 Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that TP-Link has induced infringement and continues to induce infringement of one or more claims of the '573 Patent;

---

[4] https://www.tp-link.com/us/home-networking/wifi-router/archer-ax6000/#overview.
[5] https://www.tp-link.com/us/home-networking/wifi-router/archer-ax6000/#specifications.

  (c) enter judgment that TP-Link has contributed to and continues to contribute to the infringement of one or more claims of the '573 Patent;

  (d) award Brazos damages, to be paid by TP-Link in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by TP-Link of the '573 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

  (e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

  (f) award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: October 31, 2020      Respectfully submitted,

            By: /s/ *Raymond W. Mort, III*
              Raymond W. Mort, III
              Texas State Bar No. 00791308
              raymort@austinlaw.com
              **THE MORT LAW FIRM, PLLC**
              100 Congress Avenue, Suite 2000
              Austin, Texas 78701
              Tel/Fax: (512) 677-6825

Adam G. Price
Texas State Bar No. 24027750
Christopher V. Goodpastor
Texas State Bar No. 00791991
Gregory S. Donahue
Texas State Bar No. 24012539
**DINOVO PRICE LLP**
7000 N. MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
gdonahue@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**