**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TP-LINK TECHNOLOGY CO., LTD.,<br><br>　　　　Defendant. | Civil Action No. 6:20-cv-1012-ADA<br>Civil Action No. 6:20-cv-1013-ADA<br>Civil Action No. 6:20-cv-1014-ADA<br>Civil Action No. 6:20-cv-1015-ADA<br>Civil Action No. 6:20-cv-1016-ADA<br>Civil Action No. 6:20-cv-1017-ADA<br>Civil Action No. 6:20-cv-1018-ADA<br>Civil Action No. 6:20-cv-1019-ADA<br>Civil Action No. 6:20-cv-1020-ADA<br>Civil Action No. 6:20-cv-1021-ADA<br>Civil Action No. 6:20-cv-1022-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TP-LINK TECHNOLOGIES CO., LTD.'S OPPOSED MOTION
TO DEFER ENTRY OF A GENERAL SCHEDULING ORDER
PER FEDERAL RULE OF CIVIL PROCEDURE 16(B)(2),
TO EXPEDITE CONSIDERATION OF ITS MOTION TO DISMISS,
AND/OR TO STAY ACTIVITIES UNRELATED THERETO**

**[HEARING REQUESTED PURSUANT TO CV-9(h)]**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND .................................................................................................. 2

III. LEGAL STANDARDS ........................................................................................................... 5

    A. Deferring Entry of a Scheduling Order is Proper When Good Cause for a Delay Exists ................................................................................................ 5

    B. The Court's Power to Stay Proceedings ................................................................ 6

IV. ARGUMENT ........................................................................................................................... 7

    A. Good Cause Exists for Delaying Entry of a Schedule ........................................... 7

        1. Fundamental Fairness Dictates that the Hague Motion Be Considered Before TP-Link China Is Forced to Litigate Substantive Issues ................. 7

        2. Plaintiff's Purported Jurisdictional Discovery is to Delay Consideration of TP-Link China's Hague Motion to Dismiss and Is Unnecessary to Address the Legal Issues Raised in the Motion to Dismiss ........................ 8

B. In the Alternative, the Court Should Stay Case Activities Unrelated to the Hague Motion, at Least Until a Decision Is Rendered ................................................................. 9

        1. WSOU Will Suffer No Prejudice if the Case Is Stayed Until the Hague Motion Is Decided ............................................................................... 9

        2. TP-Link China Will Suffer Undue Prejudice If a Scheduling Order Is Entered During the Pendency of its Hague Motion, Before Answering the Complaints .................................................................................... 10

        3. A Stay Will Conserve Judicial Resources .............................................. 11

        4. TP-Link China's Hague Motion Implicates Fundamental Principles of Treaty Interpretation ............................................................................ 11

V. CONCLUSION ...................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                         **Page(s)**

*Am Trust v. UBS AG*,
    78 F. Supp. 3d 977 (N.D. Cal. Jan. 29, 2015)...................................................................9

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020).........................................................................................10

*Austin v. Everbank*,
    No. 16-CV-00058-KG-LF, (D.N.M. June 22, 2016) (Order on Motion to Stay,
    Dkt. No. 26) ........................................................................................................................7

*Barker v. Sunrun Inc.*,
    No. CV 18-855 KG-LF (D.N.M. Sept. 20, 2018) (Text Order Vacating Rule
    16 Initial Scheduling Conference, Dkt. No. 11) ................................................................5

*Baxter v. Prudential Ins. Co. of Am.*,
    No. 2:11-CV-401-FtM-29DNF (M.D. Fla. Oct. 5, 2011) (Text Order
    Deferring Entry of Scheduling Order, Dkt. No. 19) ..........................................................6

*In re Beebe*,
    56 F.3d 1384, 1995 WL 337666 (5th Cir. 1995) ...............................................................6

*Brady v. Sw. Airlines*,
    No. 2:14-CV-2139-JCM-NJK, 2015 WL 4074112 (D. Nev. July 6, 2015) .......................8

*Casey v. Marathon Petro Co., LP*,
    No. 5:19-CV-0732-JKP, 2019 U.S. Dist. LEXIS 164543 (W.D. Tex. Sept. 25,
    2019) (Pulliam, J.)...............................................................................................................5

*Cellular Commc'n Equip., LLC v. Samsung Electronics Co., Ltd.*,
    No. 6:14-CV-759, 2015 WL 11143485 (E.D. Tex. Dec. 16, 2015) ...................................9

*Childress v. Deering*,
    No. 1:18-CV-00455 LF-KBM (D.N.M. May 22, 2015) (Text Order Finding
    Good Cause to Delay Entering a Scheduling Order, Dkt. No. 7) .....................................5

*Childress v. Liberty Mutual Insurance Co.*,
    No. 17-CV-1051 MV-KBM (D.N.M. Dec. 5, 2017) (Text Order Finding Good
    Cause to Delay Entering a Scheduling Order, Dkt. No. 12) .............................................6

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
    No. 13-CV-457, 2015 WL 3773014 (W.D. Tex. June 16, 2015) (Sparks, J.) ....................9

*Davis v. Landrieu*,
    No. 18-231, 2018 WL 10760297 (E.D. La. Apr. 5, 2018)..................................................6

# TABLE OF AUTHORITIES (cont'd)

**Cases**                                                                  **Page(s)**

*Durham v. AMIKIDS, Inc., et al.*
No. 18-559-BAJ-EWD (M.D. La. May 24, 2018) (Motion to Dismiss, Dkt.
No. 3) ..................................................................................................................................5

*Durham v. AMIKIDS, Inc., et al.*,
No. 18-559-BAJ-EWD, 2018 WL 6613816 (M.D. La. Sept. 25, 2018) ....................................5

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006) ................................................................................................................9

*In re EMC Corp.*,
501 F. App'x 973 (Fed. Cir. 2013) .......................................................................................10

*Fed. Ins. Co. v. C.D. Henderson Inc.*,
No. A-07-CA-982-SS, 2009 WL 10670098 (W.D. Tex. Feb. 20, 2009) .................................3

*In re Google Inc.*,
No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015) ..........................................10, 11

*John Ramsey v. Parish of Ascension, et al.*,
No. 15-162-JWD-EWD, 2017 WL 4401625 (M.D. La. Oct. 2, 2017) ....................................5

*Kelly v. Syria Shell Petroleum Dev. B.V., et al.*,
213 F.3d 841 (5th Cir. 2000) ..................................................................................................8

*Martinez v. Aero Caribbean*,
764 F.3d 1062 (9th Cir. 2014) ................................................................................................8

*McKarry v. Dow Chem. Co.*,
No. 17-556-SDD-EWD, 2018 WL 2994383 (M.D. La. June 14, 2018) .................................5

*Mestas v. CHW Group Inc., et al.*,
No. CV 19-792-MV-CG, 2019 WL 5549913 (D.N.M. Oct. 28, 2019) ...................................6

*Murolet, LLC v. Schindler Group, AG*,
No. 6:20-cv-01011-ADA (W.D. Tex.) (opposing Murolet's motion for
alternative service; Dkt. No. 22) ...........................................................................................11

*Nexus Display Techs. LLC v. Dell, Inc.*,
No. 2:14-CV-762, 2015 WL 5043069 (E.D. Tex. Aug. 25, 2015) ..........................................7

*Olympic Air, Inc. v. Helicopter Tech. Co.*,
No. 2:17-CV-1257-RSL, 2019 WL 5693922 (W.D. Wash. Nov. 4, 2019) .............................8

# TABLE OF AUTHORITIES (cont'd)

**Cases**   Page(s)

*Petrus v Bowen*,
   833 F.2d 581, 583 (5th Cir. 1987) ...................................................................................6

*Schoen v. Underwood*,
   No. W-11-CA-00016, 2011 WL 13238322 (W.D. Tex. July 18, 2011) (Smith Jr., J.) ...........................................................................................................................6, 11

*In re Sk Hynix*,
   No. 2021-113, 2021 U.S. App. LEXIS 2706 (Fed. Cir. Feb. 1, 2021) ..............................10, 11

*Terrestrial Comms LLC v. NEC Corporation*,
   No. 6:20-cv-00096-ADA (W.D. Tex.) (motion to dismiss under Rule 12(b)(2) for improper service and therefore no jurisdiction; Dkt. No. 17) ...........................................12

*Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*,
   646 F.3d 589 (8th Cir. 2011) ...............................................................................................8

*Walker Digital, LLC v. Google, Inc.*,
   No. 11-309-SLR, 2013 WL 1489003 (D. Del. Apr. 11, 2013) ................................................9

*Wetro Lan LLC v. TRENDnet, Inc.*,
   No. 2:15-cv-00106-RWS-RSP, 2016 WL 1228746 (E.D. Tex. Mar. 2, 2016) ........................7

*YETI Coolers, LLC v. Home Depot U.S.A., Inc.*,
   No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018) (Pittman, J.) .................................................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 16(b)(2) ............................................................................................................5

**I.      INTRODUCTION**

TP-Link China's January 4, 2021 Motion to Dismiss ("Hague Motion," Dkt. No. 17) is ripe for full consideration now—on the current factual record and without further delay.  The Hague Motion demonstrates that no jurisdiction exists over TP-Link China in the eleven cases because Plaintiff's chosen method for serving process is *legally invalid* to meet the mandatory requirements of Texas law, the Hague Convention, and the Federal Rules of Civil Procedure.

In order to delay resolution of the Hague Motion, Plaintiff initiated unnecessary and irrelevant jurisdictional discovery.  As a result, TP-Link China will suffer undue prejudice, as follows: (1) resolution of TP-Link China's Hague Motion is in effect "stayed" pending completion of purported "jurisdictional discovery," which if left unchecked could be delayed for many months;[1] and (2) a general scheduling order will be entered, forcing TP-Link China to defend itself on the merits in eleven patent cases before its motion is resolved.[2]

TP-Link China respectfully urges—in the interests of justice and fairness—that this Court exercise its sound discretion to:

- Defer entry of the scheduling order until the Hague Motion is resolved, and/or stay case activities unrelated to the Hague Motion until the motion is resolved;

- Expedite consideration of the Hague Motion, as noted in the jointly filed Case Readiness Status Report (Dkt. No. 19), and enter a briefing and oral argument schedule on the Hague Motion to reflect expedited consideration.

The parties have met and conferred in good faith pursuant to L.R. CV-7(i) on the subjects of the motion, but were unable to reach agreement.  Plaintiff has indicated that it would oppose

---

[1]   The Court's November 19, 2020 Jurisdictional Discovery Standing Order requires that "jurisdictional discovery be completed no later than ***six months*** after the filing of the initial motion.  The deadline for the Plaintiff's response is ***two weeks after the completion of … jurisdictional discovery***."  (emphasis added).

[2]   The Court emailed the parties on January 26, 2021, informing the parties to conduct jurisdictional discovery pursuant to the Court's Jurisdictional Discovery Standing Order, and that "the Court will address the motion to dismiss after the briefings are completed."  The Court also instructed the parties to file "a joint proposed scheduling order based on the latest OGP (version 3.2)" using the dates set forth in the email. (Ex. A).

any motion to modify the entry of the general schedule so that the Hague Motion could be heard expeditiously.

## II.     FACTUAL BACKGROUND

Defendant TP-Link China is a corporation organized under the laws of China, with its principal place of business in the city of Shenzhen. On October 31, 2020, Plaintiff WSOU—a Delaware patent assertion entity that has filed about 180 infringement actions in the last year— filed eleven complaints against "TP-Link Technology Co., Ltd." In each of the eleven cases, the Court issued a summons on November 2, 2020. (Dkt. No. 6).

On November 9, 2020, without making any attempt to serve TP-Link China through the Hague Convention, Plaintiff moved for leave to effect alternative service under Rule 4(f)(3). (Dkt. No. 10). Plaintiff through a proposed Order sought to effect service: via email upon two attorneys alleged to be TP-Link China's "recent U.S. counsel," and "via registered mail carrier with return receipt" upon TP-Link China's alleged "subsidiary:"

> Plaintiff may serve Defendant via email upon its recent U.S. counsel Mr. Stephen R. Smerek, ssmerek@foley.com and Ms. Tiffany K. Sung, tsung@foley.com and via registered mail carrier with return receipt upon Defendant's U.S. subsidiary TP-Link USA Corporation located at 145 S. State College Blvd. Suite 400, Brea, California 92821.

(Dkt. No. 10-3).

The Court denied Plaintiff's motion without prejudice on November 12, 2020, concluding that WSOU should "exhaust available avenues" and attempt service in "good faith:"

> After careful consideration of the Plaintiff's arguments, the Court DENIES the Motion without prejudice. The Court notes that Plaintiff has ***not even attempted to serve*** Defendant through readily available means. Therefore, this Court will not allow alternative service. However, the Court notes that if Plaintiff is still unable to effectuate service ***after exhausting all available avenues and attempting in good faith to serve Defendant***, this Court will allow

>Plaintiff to file a motion again requesting leave to effect alternative service."

(November 12, 2020 Text Order) (emphasis added).

Several days later, and without making any attempt to serve, Plaintiff moved for reconsideration in a second *ex parte* motion. (Dkt. No. 11). Plaintiff sought reconsideration without including a standard for reconsideration, such as to correct "manifest errors of law or facts or to present newly discovered evidence."[3] Given that Plaintiff's two motions were *ex parte*, there were no oppositions to Plaintiff's arguments.

On December 7, 2020, the Court granted Plaintiff's reconsideration motion, stating in relevant part:

>After careful consideration of the Motion and all other matters properly before the Court, the Court GRANTS the Motion.

(December 7, 2020 Text Order).

On that same day, Plaintiff sent an email to the two attorneys identified in the proposed Order (at the firm Foley & Lardner LLP ("Foley")), with the subject line reading: "Service of process on TP-Link Technology Co., Ltd." and including PDF attachments of the motions, orders, and summons from all eleven cases. (Dkt. No. 12 at 6).

Plaintiff then filed a purported "Proof of Service" with the Court (Dkt. No. 12), with the docket entry stating that TP-Link China was served on December 12, 2020. Plaintiff claimed in the Proof of Service that it accomplished service "via email" on the attorneys at Foley (ssmerek@foley.com and tsung@foley.com) and "via Certified Mail" (USPS# 9402611898765823877568) on TP-Link USA ("TP-Link USA")":

---

[3] For example, Plaintiff did not consider that "motions for reconsideration are appropriate to correct manifest errors of law or fact or to present newly discovered evidence." *Fed. Ins. Co. v. C.D. Henderson Inc.*, No. A-07-CA-982-SS, 2009 WL 1670098, at *2 (W.D. Tex. Feb. 20, 2009) (Sparks, J.).

> ☒ Other *(specify):* Service accomplished via Certified Mail with Electronic Delivery Confirmation USPS# 9402611898765823877568 Delivered on December 12, 2020 and via email on ssmerek@foley.com and tsung@foley.com on December 7, 2020 pursuant to the Court's order granting leave to effect alternative service.

(Dkt. No. 13 at 1).

On January 4, 2021, the undersigned counsel specially appeared for TP-Link China to file the Hague Motion to Dismiss based on invalid service of process under Rule 12(b)(5), and therefore, lack of jurisdiction under Rule 12(b)(2). (Dkt. No. 17). As explained therein, Plaintiff's alternative service is legally invalid under Texas law, the Hague Convention, and the Federal Rules of Civil Procedure.

On January 8, 2021, Plaintiff served its first sets of jurisdictional discovery (interrogatories and production requests) on TP-Link China, seeking, for example, information relating to the delivery of the summons, complaints, Patents-in-Suit to TP-Link, and all communications between TP-Link China and anyone at Foley & Lardner LLP.[4] TP-Link China responded to the discovery requests on January 28, 2021 (see Exs. B and C).[5] In addition, Plaintiff served a subpoena on third party Foley & Lardner; Foley responded on January 22, 2021 (see Ex. D).

The Court on January 26, 2021 reached out to the parties via email, to file "a joint proposed scheduling order." (see Ex. A).

---

[4] Plaintiff's first set of interrogatories, including TP-Link China's responses are attached as Exhibit B; Plaintiff's first set of production requests, including TP-Link China's responses are attached as Exhibit C; Plaintiff's subpoena on Foley & Lardner, including Foley's response are attached as Exhibit D.

[5] The Court's November 19, 2020 Jurisdictional Discovery Standing Order states, "To the extent that a party disputes the relevance or proportionality to the needs of the case, the parties are directed to contact the Court for a telephonic hearing." There are no disputed facts that require discovery for the Hague Motion. As instructed, Defendant will contact the Court for a telephonic hearing should Plaintiff seek more jurisdictional discovery.

### III. LEGAL STANDARDS

#### A. Deferring Entry of a Scheduling Order is Proper When Good Cause for a Delay Exists

Fed. R. Civ. P. 16(b)(2) states:

"(b) Scheduling.

(1) Scheduling Order. Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:

(A) after receiving the parties' report under Rule 26(f); or
(B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.

(2) *Time to Issue.* The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

F. R. Civ. P. 16(b)(2). As seen, a court is generally required to issue a scheduling order as soon as practicable and within a certain time period, but if there is "good cause for delay," a court is free to postpone entry of a case schedule.

Numerous courts in this Circuit[6] and outside this Circuit[7] have deferred entry of a scheduling order for good cause because of a pending motion including jurisdictional motion.

---

[6] In *Melissa Durham v. AMIKIDS, Inc., et al.*, for example, the Court found good cause to defer entry of a scheduling order where a defendant had moved to dismiss for failure to serve. No. 18-559-BAJ-EWD, 2018 WL 6613816, at *4 (M.D. La. Sept. 25, 2018); Motion to Dismiss, Dkt. No. 3, *Durham v. AMIKIDS, Inc., et al.* No. 18-559-BAJ-EWD (M.D. La. May 24, 2018). *See also Casey v. Marathon Petro Co., LP*, No. 5:19-CV-0732-JKP, 2019 U.S. Dist. LEXIS 164543, at *3-4 (W.D. Tex. Sept. 25, 2019) (Pulliam, J.) (good cause to defer entering a scheduling order until plaintiff cured jurisdictional deficiencies); *McKarry v. Dow Chem. Co.*, No. 17-556-SDD-EWD, 2018 WL 2994383, at *1 n.4 (M.D. La. June 14, 2018) (good cause to defer entering a scheduling order pending Rules 12(b)(3)-(5) motions to dismiss for improper venue, insufficient process, and insufficient service); *John Ramsey v. Parish of Ascension, et al.*, No. 15-162-JWD-EWD, 2017 WL 4401625, at *1 (M.D. La. Oct. 2, 2017).

[7] *See* Text Order Vacating Rule 16 Initial Scheduling Conference, Dkt. No. 11, *Barker v. Sunrun Inc.*, No. CV 18-855 KG-LF (D.N.M. Sept. 20, 2018) (good cause to delay entering a scheduling order pending a motion to dismiss for failure to state a claim, improper service, and lack of standing); Text Order Finding Good Cause to Delay Entering a Scheduling Order, Dkt. No. 7, *Childress v. Deering*, No. 1:18-CV-00455 LF-KBM (D.N.M. May 22, 2015) (good cause to delay entering a scheduling order pending a motion to dismiss for lack of

### B. The Court's Power to Stay Proceedings

A Court's "power to stay proceedings" is "incidental to a district court's inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Beebe*, 56 F.3d 1384, 1995 WL 337666, at *2 (5th Cir. 1995) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

When "determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018) (Pittman, J.); *see also Schoen v. Underwood*, No. W-11-CA-00016, 2011 WL 13238322, at *1 (W.D. Tex. July 18, 2011) (Smith Jr., J.) (granting a stay pending a motion to dismiss and finding no undue prejudice for plaintiff).

Many courts in this Circuit have granted a stay pending resolution of a threshold jurisdictional issue and a motion to dismiss. In *Petrus v Bowen*, for example, the Fifth Circuit noted that a district court had properly stayed a case while deciding a dispositive motion where the opposing party could not have learned anything through discovery that could have affected the resolution of the dispositive motion. 833 F.2d 581, 583 (5th Cir. 1987); *see also Mestas v. CHW Group Inc., et al.*, No. CV 19-792-MV-CG, 2019 WL 5549913, at *2 (D.N.M. Oct. 28, 2019) (granting defendant's motion to temporarily stay all scheduling order deadlines pending a motion to dismiss for failure to state a claim and lack of personal jurisdiction); *Davis v.*

---

personal jurisdiction); Text Order Finding Good Cause to Delay Entering a Scheduling Order, Dkt. No. 12, *Childress v. Liberty Mutual Insurance Co.*, No. 17-CV-1051 MV-KBM (D.N.M. Dec. 5, 2017) (good cause to delay entering a scheduling order pending a motion to dismiss); Text Order Deferring Entry of Scheduling Order, Dkt. No. 19, *Baxter v. Prudential Ins. Co. of Am.*, No. 2:11-CV-401-FtM-29DNF (M.D. Fla. Oct. 5, 2011) (deferring entry of a scheduling order pending plaintiff's amended complaint curing diversity jurisdiction issues).

*Landrieu*, No. 18-231, 2018 WL 10760297, at *2 (E.D. La. Apr. 5, 2018) (granting a motion to stay pending a motion to dismiss and finding that plaintiff would not be prejudiced); Order on Motion to Stay, Dkt. No. 26, *Austin v. Everbank*, No. 16-CV-00058-KG-LF (D.N.M. June 22, 2016) (granting stay pending a motion to dismiss).

District courts in this Circuit have also noted that granting a stay pending a ruling on other motions is preferable to other approaches, such as the filing of a mandamus petition. *Nexus Display Techs. LLC v. Dell, Inc.*, No. 2:14-CV-762, 2015 WL 5043069, at *5 n.4 (E.D. Tex. Aug. 25, 2015). For example, in *Wetro Lan LLC v. TRENDnet, Inc.*, the District Court for the Eastern District of Texas stayed all proceedings "pending the Court's adjudication of the Motion to Transfer Venue to the Central District of California." Order Granting Defendant TRENDnet, Inc.'s Motion to Stay, Dkt. No. 23, No. 2:15-cv-00106-RWS-RSP (E.D. Tex. Mar. 7, 2016).

## IV. ARGUMENT

### A. Good Cause Exists for Delaying Entry of a Schedule

TP-Link China respectfully submits that the circumstances here far exceed the good cause standard for delaying entry of a scheduling order.

#### 1. Fundamental Fairness Dictates that the Hague Motion Be Considered Before TP-Link China Is Forced to Litigate Substantive Issues

Plaintiff has initiated eleven infringement actions against TP-Link China, a Chinese defendant. The United States and China are both signatories to the Hague Convention, an international treaty that specifies service of process on residents of signatory countries.

Here, TP-Link China contends that Plaintiff disregarded Hague Convention rules in attempting to serve TP-Link China by email on "recent counsel" and on TP-Link USA. Permitting this action to substantively proceed despite Plaintiff's non-compliance with the Hague service requirements would effectively represent a disavowal of that treaty by this Court. It

would be manifestly unfair to TP-Link China to require it to defend itself in eleven cases in the United States when jurisdiction over it does not exist.

> **2. Plaintiff's Purported Jurisdictional Discovery is to Delay Consideration of TP-Link China's Hague Motion to Dismiss and Is Unnecessary to Address the Legal Issues Raised in the Motion to Dismiss**

Jurisdictional discovery is irrelevant to resolving the current lack of jurisdiction over TP-Link China. There is no dispute about how or on whom WSOU tried to serve. TP-Link China's Hague Motion is premised on legal arguments, e.g., that the chosen and ordered service methods do not adhere to the requirements set forth by the Hague Convention, Texas law, and the Federal Rules of Civil Procedure, and thus fails as a matter of law. Jurisdictional discovery will not yield facts that bear on these legal issues.

Courts have held that jurisdictional discovery is irrelevant and unnecessary where there is no factual dispute, and where discovery would not produce information capable of addressing jurisdictional issues. *See, e.g.*, *Kelly v. Syria Shell Petroleum Dev. B.V., et al.*, 213 F.3d 841, 855 (5th Cir. 2000) (jurisdictional discovery denied and only relevant where motion to dismiss raises issues of fact); *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (jurisdictional discovery denied because there are no new facts which could establish jurisdiction); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (jurisdictional discovery unwarranted because facts central to resolving the jurisdictional inquiry are undisputed); *Olympic Air, Inc. v. Helicopter Tech. Co.*, No. 2:17-CV-1257-RSL, 2019 WL 5693922, at *2 (W.D. Wash. Nov. 4, 2019) (jurisdictional discovery unnecessary because court could resolve jurisdictional issues with available facts); *Brady v. Sw. Airlines*, No. 2:14-CV-2139-JCM-NJK, 2015 WL 4074112, at *4 (D. Nev. July 6, 2015) (jurisdictional discovery

denied because answers sought by plaintiff were irrelevant to jurisdictional inquiry); *Am Trust v. UBS AG*, 78 F. Supp. 3d 977, 986 (N.D. Cal. Jan. 29, 2015).).

> **B.  In the Alternative, the Court Should Stay Case Activities Unrelated to the Hague Motion, at Least Until a Decision Is Rendered**

A stay will not prejudice WSOU, will prevent undue burdens on TP-Link China, and will preserve judicial resources by avoiding various other inefficiencies.

> **1.  WSOU Will Suffer No Prejudice if the Case Is Stayed Until the Hague Motion Is Decided**

WSOU cannot plausibly contend that there is a rush to try this case. WSOU is a non-practicing entity that has filed about 180 patent infringement cases in four different districts: Western District of Texas (164 cases); District of Delaware (five cases); Eastern District of Virginia (five cases); and Western District of Washington (five case). Here, Plaintiff seeks no injunctive relief against TP-Link China, which is not surprising in view of the Supreme Court's *eBay* ruling severely limited injunctive relief for non-practicing entities. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

This court has previously held that a stay does not impose undue prejudice upon a party only seeking monetary damages, stating "mere delay in collecting those damages does not constitute undue prejudice." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. 13-CV-457, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (Sparks, J.). The Eastern District of Texas has similarly held that a delay is not enough to constitute prejudice when a party is seeking only monetary damages. *Cellular Commc'n Equip., LLC v. Samsung Electronics Co., Ltd.*, No. 6:14-CV-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015); *see also Walker Digital, LLC v. Google, Inc.*, No. 11-309-SLR, 2013 WL 1489003, at *2 (D. Del. Apr. 11, 2013) (holding that any prejudice resulting from a stay can be remedied by monetary damages because the non-moving party is a non-practicing entity).

### 2. TP-Link China Will Suffer Undue Prejudice If a Scheduling Order Is Entered During the Pendency of its Hague Motion, Before Answering the Complaints

Without a stay, TP-Link China will be forced to expend resources litigating substantive matters, while a motion to dismiss remains on the docket. *See In re Google Inc.*, No. 2015-138, 2015 WL 5294800 at *1 (Fed. Cir. July 16, 2015) (in the context of a transfer motion). In the context of stays during the pendency of transfer motions, that is why the Federal Circuit emphasizes "the importance of addressing [such] motions … at the outset of litigation." *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013); *see also, In re Sk Hynix*, No. 2021-113, 2021 U.S. App. LEXIS 2706, at *4 (Fed. Cir. Feb. 1, 2021). The same rationale applies equally here.

This case is currently at its beginning stages—TP-Link China filed it motion to dismiss on January 4, 2021, ***in lieu of answering Plaintiff's eleven Complaints***. The Court has yet to issue a Scheduling Order. Plaintiff has not provided its preliminary infringement contentions. WSOU's insistence on jurisdictional discovery, however, means that briefing on the Hague Motion to Dismiss may not conclude until well into claim construction proceedings—a stage in the case when TP-Link China will have to thoroughly develop its claim construction, non-infringement, and invalidity positions, in eleven cases. (*See* Dkt. No. 25, Ex. 15 at 1). Thus, without a stay, TP-Link China will be forced to litigate the merits of the eleven cases—well before the Court rules on TP-Link China's motion.

The Federal Circuit has repeatedly warned against the hardships and inequities caused by moving into the substance of a case before resolving a motion to transfer, which are equally or more applicable to a motion to dismiss for improper service. The scheduling of invalidity contentions and *Markman* proceedings are precisely the "advances in the case" that the Federal Circuit held should not proceed before a resolution of a pending motion. *In re Apple Inc.*, 979

F.3d 1332, 1336 (Fed. Cir. 2020) (in the context of a motion to transfer venue); *In re Sk Hynix*, No. 2021-113, 2021 U.S. App. LEXIS 2706, at *4 (Fed. Cir. February 1, 2021). There is prejudice inherent in forcing TP-Link China to expend resources litigating substantive matters while a motion to dismiss for lack of jurisdiction remains on the docket. *In re Google Inc.*, 2015 WL 5294800, at *1 (in the context of a motion to transfer).

### 3. A Stay Will Conserve Judicial Resources

A stay pending a ruling on TP-Link China's Motion to Transfer will conserve judicial resources. If the stay is granted, the Court will avoid committing resources towards WSOU and TP-Link China's disputes on claim construction, discovery, and other substantive case issues.

This case is not unlike *Schoen v. Underwood*, in which the Western District of Texas concluded that a stay pending a motion to dismiss for lack of jurisdiction would conserve judicial resources. No. W-11-CA-00016, 2011 WL 13238322, at *1 (W.D. Tex. July 18, 2011) (Smith Jr., J.). The court stated that a stay of discovery is "an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources." *Id.* (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).

### 4. TP-Link China's Hague Motion Implicates Fundamental Principles of Treaty Interpretation

TP-Link China's Hague Motion raises not only a fundamental question of civil procedure, but also, implicates essential principles of treaty interpretation. The proper application has widespread importance for this District and courts in the United States generally. In fact, numerous other litigants are grappling (or have grappled) with the legal issue presented in TP-Link China's Hague Motion. *See, e.g.*, *Murolet, LLC v. Schindler Group, AG*, No. 6:20-cv-01011-ADA (W.D. Tex.) (opposing Murolet's motion for alternative service; Dkt. No. 22));

Motion to Dismiss for Lack of Personal Jurisdiction, *Terrestrial Comms LLC v. NEC Corporation*, No. 6:20-cv-00096-ADA (W.D. Tex.) (motion to dismiss under Rule 12(b)(2) for improper service and therefore no jurisdiction; Dkt. No. 17).

## V. CONCLUSION

TP-Link China's Hague Motion implicates fundamental principles of treaty interpretation (including a fundamental question of civil procedure) whose proper application is of vital importance. A deferral of the case schedule order until the Motion is resolved of time, or a stay of all deadlines unrelated to the Hague Motion is the most efficient, fair, and appropriate way to manage this case.

Dated: February 2, 2021

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
John T Johnson (*pro hac vice*)
jjohnson@fr.com
Jeffrey C. Mok (*pro hac vice*)
jmok@fr.com
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070
Fax: (212) 258-2291

David M. Hoffman
Texas Bar No. 24046084
hoffman@fr.com
111 Congress Avenue, Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

**COUNSEL FOR DEFENDANT,
TP-LINK TECHNOLOGIES CO., LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 2, 2021, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ David M. Hoffman*
David M. Hoffman