IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD,<br><br>    Defendant. | Case No. 6:20-cv-01012<br>Case No. 6:20-cv-01013<br>Case No. 6:20-cv-01014<br>Case No. 6:20-cv-01015<br>Case No. 6:20-cv-01016<br>Case No. 6:20-cv-01017<br>Case No. 6:20-cv-01018<br>Case No. 6:20-cv-01019<br>Case No. 6:20-cv-01020<br>Case No. 6:20-cv-01021<br>Case No. 6:20-cv-01022<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO REDUCE THE NUMBER OF ASSERTED PATENT CLAIMS**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos"), files this Response to Defendant's Motion to Reduce the Number of Asserted Patent Claims. Defendant TP-Link Technology Co. Ltd.'s ("TP-Link") Motion is premature and therefore should be denied.

### A.    Defendant's Motion is Premature by Six Months Under the OGP.

In contrast to the established practice of this Court, Defendant's request is premature. The *Markman* hearings concluded just last week—on February 15, 2022. In fact, Defendant's Motion was filed on February 11, 2022—before the second Markman even occurred. Under the Court's Order Governing Patent Cases (version 3.5) entered in this case, the deadline for the first meet and confer to "discuss significantly narrowing the number of claims asserted" does not occur until 26 weeks after the *Markman* hearing. This Motion is therefore six months premature and should be rejected.

1

### B. Plaintiff Asserts 11 Patents Entirely Distinct From One Another.

Plaintiff filed 11 separate cases because each case—and the patent at the center of it—is unique. The 11 asserted patents are unrelated to one another. They do not share the same inventors. They do not share the same specifications. The inventions are different. There are no continuations. There are no divisionals. Instead, these are entirely distinct, stand-alone patents that bear no relationship to one another but for a common assignee and a common infringer. This is not an instance where redundant claims can be easily or thoughtlessly be removed across several patents. Rather, each patent contains its own unique claim set that must be separately analyzed.

### C. Defendant's Proposal Would Deprive Plaintiff of its Property Rights.

Defendant requests that Plaintiff dramatically reduce its claims to 66 for 11 patents, with an additional draconian per case limit of six claims per patent. But the number of Plaintiff's asserted claims are simply not egregious when considered on a per patent basis.

    '121 patent: 15 asserted claims
    '180 patent: 21 asserted claims
    '770 patent: 17 asserted claims
    '767 patent: 18 asserted claims
    '988 patent: 14 asserted claims
    '423 patent: 21 asserted claims
    '726 patent: 21 asserted claims
    '573 patent: 18 asserted claims
    '636 patent: 20 asserted claims
    '790 patent: 20 asserted claims
    '305 patent: 22 asserted claims
    '977 patent: 0 asserted claims (claim term found indefinite at *Markman*)

Plaintiff asserts no more than 22 claims for any one patent. This is simply not a case where Plaintiff has asserted scores of redundant claims that can be easily reduced at this early juncture.

Moreover, Defendant's per case limit of six claims is unworkable at this stage, particularly given that these patents are unrelated to one another. The 26 weeks Plaintiff is afforded under the OGP is meant to give Plaintiff an opportunity to consider the merits of Defendant's attacks on the

patents during the course of discovery. Before surrendering its valuable property rights, Plaintiff needs to assess invalidating prior art, the strength of its technical case (including review of confidential technical documents and source code) and assess damages associated with each patent and claim. None of this can reasonably occur in the next few weeks, as demanded in Defendant's Motion.

### D. Plaintiff's Alternative Proposal—Compromise Position.

Plaintiff will reduce the number of asserted claims, but there simply is no justification under the OGP for the reduction to occur just a few days after the *Markman* hearing. Plaintiff simply cannot properly assess the strength of each patent claim under such an accelerated schedule and in the absence of critical information from Defendant. Plaintiff requests Defendant's Motion be denied, and that Plaintiff be required to reduce its claims in accordance with the Court's standing OGP.

Alternatively, should the Court wish for Plaintiff to reduce the number of claims sooner than the time frame afforded by the OGP, Plaintiff requests a compromise position wherein Plaintiff will reduce to 150 total asserted claims with no per patent limitation within 90 days from the date of entry of the Court's order reducing claims.

Dated: February 25, 2022							Respectfully submitted,

									By:	/s/ *Adam G. Price*
										Raymond W. Mort, III
										Texas State Bar No. 00791308
										**THE MORT LAW FIRM, PLLC**
										100 Congress Avenue
										Suite 2000
										Austin, Texas 78701
										Tel/Fax: (512) 677-6825
										Email: raymort@austinlaw.com

										Adam G. Price
										Texas State Bar No. 24027750
										Christopher V. Goodpastor
										Texas State Bar No. 00791991
										Gregory S. Donahue
										Texas State Bar No. 24012539
										**DINOVO PRICE LLP**
										7000 N. MoPac Expressway
										Suite 350
										Austin, Texas 78731
										Telephone: (512) 539-2626
										Facsimile: (512) 539-2627
										Email: aprice@dinovoprice.com
										cgoodpastor@dinovoprice.com
										gdonahue@dinovoprice.com

										**ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 25, 2022 and was served via CM/ECF on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1).

*/s/ Adam G. Price*
Adam G. Price
